### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CATHERINE G. WALKER, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>JO ANNE B. BARNHART, Commissioner )<br>of the Social Security Administration, )<br>)<br>Defendant. ) | NO. CIV-06-0337-HE |

### **ORDER**

Plaintiff Catherine Walker instituted this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Robert E. Bacharach, who recommended that the decision of the Commissioner be affirmed.

Plaintiff filed an application for disability insurance benefits on November 14, 2002. Her application was denied initially and on reconsideration. After hearing on April 27, 2005, an Administrative Law Judge ("ALJ") found that plaintiff was not disabled because she retained the ability to perform a significant range of sedentary work. The Appeals Council denied the plaintiff's request for review, making this decision the final decision of the Commissioner.

The magistrate judge found that the ALJ did not act improperly when she rejected the opinions of the treating physician, did not re-contact the treating physician, did not include certain limitations in her hypothetical question to the vocational expert, and did not make

express findings as to the credibility of two lay witnesses. The magistrate judge further found that the ALJ did not in fact reject the opinions of the consultative psychologist.

In her objection to the magistrate judge's findings, plaintiff again argues that the ALJ did not give the opinion of the treating physician sufficient weight. However, contrary to plaintiff's assertions, the ALJ did not speculate, make unfounded assumptions, or substitute her own medical opinions for those of the treating physician. Rather, the ALJ throughly examined the opinions of the treating physician and concluded that some of the physician's diagnoses and comments contained in the Physical Residual Functional Capacity Questionnaire were not well supported by medically acceptable clinical and laboratory diagnostic techniques. The ALJ further evaluated the weight that should be accorded these opinions and concluded that they should not be given "controlling weight or even substantial weight" but that the objective findings and diagnoses contained in the treating physician's medical records should be given "full weight." *See* Administrative Record, p. 20-21. The ALJ gave specific, legitimate reasons for rejecting some of the opinions contained in the questionnaire completed by the treating physician. *Compare* McGoffin v. Barnhart, 288 F.3d 1248 (10th Cir. 2002) (reversing Commissioner's decision where ALJ rejected treating physician's assessment based on ALJ's unfounded doubt that assessment was not actually that of treating physician, even though treating physician signed assessment and another member of treatment team testified that treating physician agreed with assessment).

Further, plaintiff asserts that the ALJ committed error by allegedly treating the absence of evidence as if it were evidence, in contravention of the holding in Thompson v. Sullivan, 987 F.3d 1482, 1491 (10th Cir. 1993) (stating "[t]he absence of evidence is not evidence."). However, plaintiff takes this holding out of context. In Thompson, the ALJ denied disability insurance benefits after a hearing that lasted only ten minutes and where the medical records were inconclusive because the claimant discontinued treatment before a diagnosis was made, due to an inability to pay for the treatment. The court held that, because there was no evidence upon which to make a finding as to the claimant's residual functional capacity, the ALJ should have ordered a consultative examination. *Id.* at 1491. Here, the ALJ had extensive medical records upon which to base her decision. *See* Jackson v. Chater,[1] No. 95-7111, 1996 WL 330141, at *3 (10th Cir. June 6, 1996) (distinguishing the case from Thompson on the grounds that the "ALJ...had evidence, some of which he chose to discount for reasons which were appropriate and supported by the record.").

Plaintiff also re-urges her contentions that the ALJ did not include certain limitations in her hypothetical questioning of the vocational expert, did not appropriately consider the evidence relating to two lay witnesses, and improperly rejected the opinions of the consultative psychologist. These issues were considered and appropriately addressed by the magistrate judge in his Report and Recommendation.

---

[1] *Jackson* is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).

Having reviewed the record and given the plaintiff's objections de novo review, and being in agreement with Magistrate Judge Bacharach's analysis, the court adopts his Report and Recommendation.  The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 5th day of February, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE